993 F.2d 1540
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Joseph JOHNSON, Defendant-Appellant.
 No. 92-5650.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 23, 1993
Decided: May 24, 1993
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. C. Weston Houck, District Judge. (CR-91-529-2)
 Geoffrey C. Fleck, FRIEND & FLECK, South Miami, Florida, for Appellant. John S. Simmons, United States Attorney, Bruce H. Hendricks, Assistant United States Attorney, Charleston, South Carolina, for Appellee.
 Before PHILLIPS, NIEMEYER, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Kenneth Joseph Johnson appeals his criminal conviction and sentence. Finding no error, we affirm.
 
 
 2
 Johnson was charged with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (1988) (Count I), carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C.A. § 924(c) (West Supp. 1992) (Count II), and two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (1988) (Counts III and IV). The Government ultimately dismissed Count IV.
 
 
 3
 Johnson moved for judgement of acquittal, which the district court denied. The jury then convicted Johnson on the three remaining charges in March 1992. Following a hearing, the district court sentenced Johnson to fifteen years statutory mandatory minimum on Counts I and III and five years consecutive for Count II. Johnson appealed, contending that there was insufficient evidence to sustain his conviction on Count I and that the district court abused its discretion in sentencing him.
 
 
 4
 The facts underlying this case are relatively simple. Lizzie Harris, a motel maid, entered Room 443 of the Dorchester Motor Lodge in North Charleston, South Carolina, on March 3, 1990, to perform her normal housekeeping duties. Harris found a small plastic bag containing a white powder on the bed. Harris summoned Eva Denkowicz, the housekeeping director, to Room 443. Denkowicz saw the bag filled with white powder, and also noticed white powder on top of the bureau, a set of scales, and a large spoon under the desk. Denkowicz called Terry Hess, the motel manager. Hess took the powder to his office and called the police. Metro Narcotics Unit Officer Jim Rhymer arrived and took custody of the drugs. Hess checked the motel records and determined that Room 443 was registered to Johnson.
 
 
 5
 Rhymer summoned two more police officers to the scene, who set up surveillance on Room 443. Hess then learned that Johnson had just paid for two more nights at the motel. The officers and Hess watched Johnson park his car and approach Room 443. After Johnson reached the room, the police officers positioned themselves outside the door. Johnson entered the room briefly, and was arrested as he exited. The police seized a .38 caliber Taurus revolver and a dial-pager beeper from Johnson's body.
 
 
 6
 The officers took Johnson inside Room 443, where one officer responded to Johnson's beeper which was receiving calls. The officer spoke on the beeper with several people who wanted to purchase cocaine. The officers searched Room 443 and found an opened box containing a set of scales, a strainer, inositol, plastic baggies, and personal papers belonging to Johnson were found on the nightstand.
 
 
 7
 At trial, the Government introduced evidence showing that approximately 285 grams of cocaine were removed from Room 443 shortly before Johnson was arrested. The Government showed that the room was registered to Johnson and that he had paid for two more nights lodging in that room on the date of his arrest. The Government presented evidence that inositol is used as a cutting or bulk agent to add to cocaine, that the amount of cocaine found in Johnson's room was inconsistent with personal use, and that it had a street value of $28,000. The Government also introduced evidence of Johnson's three prior convictions for serious offenses to support the charge under Count III. Based on this evidence, the jury convicted Johnson of all three counts.
 
 
 8
 We must uphold the jury's verdict if there is substantial evidence, viewed in the light most favorable to the Government, to support it. Burks v. United States, 437 U.S. 1 (1978); United States v. Jones, 735 F.2d 785, 790 (4th Cir.), cert. denied, 469 U.S. 918 (1984). To obtain a conviction under 21 U.S.C.A. § 841(a)(1), the Government must prove that Johnson knowingly possessed a controlled substance with intent to distribute it. United States v. Samad, 754 F.2d 1091, 1096 (4th Cir. 1984). Possession can be actual or constructive. Constructive possession exists when the defendant exercises, or has the power to exercise, dominion and control over the item. United States v. Laughman, 618 F.2d 1067 (4th Cir.), cert. denied, 447 U.S. 925 (1980). In determining whether sufficient evidence regarding knowledge exists to sustain a guilty verdict under § 841(a)(1), we must consider whether any rational trier of fact could have found the existence of knowledge beyond a reasonable doubt. United States v. Zandi, 769 F.2d 229, 235 (4th Cir. 1985).
 
 
 9
 We find that the jury's verdict on Count I was based on substantial evidence. The jury heard uncontroverted evidence that a bag of 285 grams of cocaine was removed from a motel room registered to Johnson. Just minutes prior to his arrest, Johnson paid for use of that room for two more nights. A search of the motel room conducted incident to Johnson's arrest revealed a set of sophisticated scales, inositol, a strainer, baggies, and several documents with names, probable dollar amounts, and calculations. At the time of his arrest, Johnson was carrying a .38 pistol and beeper which was receiving calls from people requesting cocaine. We find that the Government established beyond a reasonable doubt that Johnson was guilty of Count I. Accordingly, we affirm his conviction.
 
 
 10
 Johnson maintains on appeal that the trial court abused its discretion when it sentenced him to a mandatory term of fifteen years on Counts I and III pursuant to 18 U.S.C.A. § 924(e). That section provides that when a person violates 18 U.S.C. § 922(g) and has three previous convictions for a violent felony or serious drug offense, a mandatory minimum sentence of fifteen years must be imposed.
 
 
 11
 Johnson concedes that he had three state court convictions but contends that because he was sentenced on the same date for two of the convictions, those convictions should be consolidated for sentencing purposes under United States Sentencing Guidelines, Guidelines Manual, § 4A1.2 (Nov. 1991). This claim fails, because distinct criminal acts, even if charged in the same judicial proceeding and given concurrent sentences, qualify for enhanced sentencing under § 924(e). United States v. Wallace, 889 F.2d 580, 584 (5th Cir. 1989).
 
 
 12
 Johnson next contends that his prior convictions do not satisfy the statutory definition of "serious drug offense" because he was subject to actual imprisonment for less than the maximum term of imprisonment under the Florida state sentencing guidelines. This argument also fails. The plain language of the statutory definition refers to the maximum term if imprisonment as proscribed by state law, and does not refer to actual computation of the sentence under a particular state's sentencing guidelines.
 
 
 13
 We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED